# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| DAVID TERRY and TAMMIE TERRY, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 7:19-cv-00098-HL |
| MONSANTO COMPANY, | ) |
| Defendant. | ) |

## PROPOSED SCHEDULING AND DISCOVERY ORDER

The parties held a Rule 26(f) conference on July 26, 2019. In accordance with the Court's Rules 16 and 26 Order, the parties have conferred and jointly developed this Proposed Scheduling and Discovery Order containing various deadlines and limitations.

The parties have also agreed (and have submitted as exhibits) four proposed orders governing procedural issues in this case. These procedural orders are modeled after the orders negotiated with plaintiffs' counsel in and approved by the federal judge overseeing the Roundup® multi-district litigation in the U.S. District Court for the Northern District of California. *See In Re: Roundup Prods. Liab. Litig.*, Case No. 3:16-md-02741-VC (N.D. Cal.). Extensive corporate discovery of Monsanto, including voluminous document productions and numerous depositions of current or former Monsanto employees, has already been conducted in the federal MDL and in other Roundup® lawsuits. To avoid wasteful, duplicative discovery, the parties have agreed to utilize the prior depositions of Monsanto company witnesses conducted in other lawsuits alleging cancer from alleged exposure to Monsanto's glyphosate-containing herbicides, provided that plaintiffs' counsel is able to gain access to those materials through the below referenced MDL

database or through other means.[1] Plaintiffs' access to said document productions and depositions is subject to their ability to access the discovery data base created by the Plaintiffs in the MDL action. Defendant has provided Plaintiffs' counsel with contact information to the plaintiffs' leadership in the MDL action and Plaintiffs in this action have agreed to contact said leadership to obtain access to the data base. Access to the data base does require approval of the MDL leadership and can include a requirement that a percentage of any recovery in this action be paid to the MDL plaintiffs' team. It has yet to be determined whether the Plaintiffs in this action will be qualified to participate in the MDL data base and, if so, what requirements will be imposed to allow access to the data base. If Plaintiffs are prevented from participating in the MDL data base, Plaintiffs reserve their right to depose witnesses and request documents regardless of whether said deposition transcripts and produced documents are already in the MDL data base. To implement this arrangement, the parties have agreed to the entry of the attached proposed orders, which closely track similar orders entered in the federal MDL:

    Exhibit A - Rule 502(d) Order

    Exhibit B - Order Governing Privilege Logs

    Exhibit C - Confidentiality and Protective Order

    Exhibit D - Order Governing Protocol for Discovery of Electronically Stored Information

Plaintiffs have also agreed to provide a completed Plaintiff Fact Sheet as utilized in the federal MDL, which has been attached as Exhibit E.

---

[1] The federal MDL focuses on allegations that Roundup®-branded herbicides caused the plaintiffs in those cases to develop non-Hodgkin's lymphoma (or other types of non-solid malignancies known as lymphohematopoietic cancers). By contrast, this lawsuit involves a different kind of cancer – renal cancer. Therefore, this lawsuit has not been transferred to the federal MDL.

I.  **Nature of the Case**

This is a complex products liability lawsuit involving Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. Plaintiffs, a married couple, have asserted causes of action under Georgia law for: (1) Strict Liability; (2) Negligence; (3) Breach of Implied Warranty of Merchantability; (4) Damages Suffered by Plaintiff David Terry; (5) Loss of Consortium; and (6) Punitive Damages. Plaintiffs seek to recover damages based upon Mr. Terry's alleged exposure to Monsanto's Roundup®-branded herbicides, which they allege caused Mr. Terry to develop renal cancer.

To prevail in this products liability action, Plaintiffs must satisfy their burden of proving medical causation – based on scientifically reliable evidence – that Roundup®-branded herbicides can cause renal cancer in humans ("general causation") and specifically caused Mr. Terry's renal cancer ("specific causation"). Monsanto expects to argue that Plaintiffs will not be able to satisfy their causation burdens and that any expert testimony Plaintiffs may proffer to address those issues will be inadmissible under *Daubert*/Rule 702. Monsanto also expects to present additional defenses, including but not limited to: (1) no duty to warn of cancer; (2) no conduct that departed from the standard of care applicable to Monsanto; (3) no design defects; (4) no feasible alternative design; (5) ongoing regulatory approval by the U.S. Environmental Protection Agency; (6) federal preemption; and (7) no clear and convincing evidence that Monsanto engaged in conduct required for punitive damages liability.

II.  **Counsel of Record**

The following individually-named attorneys are counsel for the parties:

    Craig Alan Webster, Esq.
    Georgia Bar No. 744950
    WEBSTER LAW GROUP, INC.
    405 Love Avenue
    Tifton, Georgia 31794

3

Telephone: (229) 388-0082
Facsimile: (229) 388-0084
cwebster@twflaw.com

*Counsel for Plaintiffs*

William V. Custer, Esq.
Georgia Bar No. 202910
Jennifer B. Dempsey, Esq.
Georgia Bar No. 217536
Leah A. Schultz, Esq.
Georgia Bar No. 276394
BRIAN CAVE LEIGHTON PAISNER LLP
One Atlantic Center, Fourteenth Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
bill.custer@bclplaw.com
jennifer.dempsey@bclplaw.com
leah.schultz@bclplaw.com

*Counsel for Defendant*

Eric G. Lasker, Esq.
(Admitted *Pro Hac Vice*)
Brett S. Covington, Esq.
(Admitted *Pro Hac Vice*)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 202-898-5843
Facsimile: (202) 682-1639
elasker@hollingsworthllp.com
bcovington@hollingsworthllp.com

*Lead Counsel for Defendant*

**III.** **Complaint and Answer Filing Dates**

Complaint was filed: April 17, 2019

Answer was filed: June 10, 2019

## IV. Discovery Deadlines

### A. Time for Discovery

The time for fact discovery in this case shall expire on February 3, 2020, that being no more than 180 days after the submission of the Proposed Order to the Court.

The time for expert discovery in this case shall begin on February 4, 2020, the day after fact discovery closes. The time for expert discovery in this case shall expire on July 31, 2020, that being no more than 180 days after the start of expert discovery.

### B. Scope of Discovery

The parties agree discovery should be conducted in separate phases, as set forth in *supra* Part IV.A. Due to the complexity of the lawsuit and expected breadth of discovery, the parties believe it would be most effective and efficient to complete fact discovery prior to starting expert witness discovery.

### C. Electronically Stored Information

The parties have agreed to the proposed Order Governing Protocol for Discovery of Electronically Stored Information (attached as Exhibit D), which the parties respectfully request the Court enter in this case.

### D. Privilege Claims

The parties have agreed to the proposed Order Governing Privilege Logs (attached as Exhibit B) and Rule 502(d) Order (attached as Exhibit A), which the parties respectfully request the Court enter in this case.

### E. Witnesses to be Deposed

The parties are not currently able to provide the identities of all individuals they expect to depose in this case. Monsanto expects to take several fact depositions, including but not limited

to depositions of Plaintiffs, one or more of their family members (identities unknown; no discovery has occurred yet), one or more persons at Mr. Terry's places of employment where he allegedly applied Roundup®-branded herbicides and may have been exposed to other pesticides or herbicides (identities unknown; no discovery has occurred yet), and/or Mr. Terry's current and/or former treating health care providers (identities unknown; no discovery has occurred yet). In addition, Monsanto expects to take depositions of any expert witnesses disclosed by Plaintiffs.

More than twenty-five depositions of current or former Monsanto employees have already been conducted in the Roundup® MDL and in other Roundup® lawsuits pending in various state and federal courts. To avoid wasteful, duplicative discovery, the parties have agreed to utilize the prior depositions of Monsanto company witnesses for this lawsuit if possible as outlined above. Plaintiffs' counsel has also agreed that he will not seek to re-depose Monsanto employees or witnesses who have already been deposed in other cases, unless Plaintiffs' counsel first determines that: (1) there is a specific and discrete subject matter that has not already been covered by the prior depositions; and (2) Plaintiffs' counsel will limit any new deposition to only the new subject matter and not cover the subject matter of the witnesses' prior depositions. Monsanto reserves its rights to object to any such deposition requests and to address this particular issue at a future date and specifically objects to any of its witnesses or employees (including former employees) being re-deposed on the same or similar subject matter as in other cases.

### F. Expert Witnesses

#### 1. Designation of Experts

The Plaintiffs must disclose the identity of any expert witness on or before February 4, 2020, the first day of expert witness discovery. Monsanto must disclose the identity of any expert witness on or before April 3, 2020, that being no more than 60 days after Plaintiffs' disclosure of expert witnesses.

### 2. Expert Reports

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before June 16, 2020 (45 days prior to the close of expert discovery). No additional supplemental reports may be disclosed or provided after this date without leave of Court.

### G. Discovery Limitations or Need for Protective Order

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded. The parties have also agreed on a Confidentiality and Protective Order (attached as Exhibit C), which the parties respectfully request the Court enter in this case.

### H. Discovery Disputes

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Nora Paul, Courtroom Deputy (478.752.0725) to request a telephone conference with the Court.

## V. Time for Filing Motions

### A. Motions to Amend the Pleadings or to Join Parties

All motions seeking to amend the pleadings or to join parties must be filed no later than September 6, 2019, that being no more than 30 days after the entry of this Scheduling and Discovery Order.

### B. Dispositive Motions

All dispositive motions must be filed no later than August 28, 2020, that being no more than 30 days after the close of expert discovery.

### C. *Daubert* Motions

All *Daubert* motions must be filed no later than August 28, 2020, that being no more than 30 days after the close of expert discovery.

### VI. **Certification of the Parties and Counsel**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a). Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This <u>7th</u> day of August, 2019.


<u>/s/ *Craig Alan Webster*</u>
Craig Alan Webster
Georgia Bar No. 744950
THE WEBSTER FIRM
405 Love Avenue
Tifton, Georgia 31794
Telephone: (229) 388-0082
Facsimile: (229) 388-0084
cwebster@twflaw.com

*Counsel for Plaintiffs*

/s/ *Brett Covington*
Eric G. Lasker, Esq.
(Admitted *Pro Hac Vice*)
Brett Covington, Esq.
(Admitted *Pro Hac Vice*)
Hollingsworth LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5843
Facsimile: (202) 682-1639
elasker@hollingsworthllp.com
bcovington@hollingsworthllp.com

*Lead Counsel for Defendant Monsanto Company*


/s/ *William V. Custer*
William V. Custer, Esq.
Georgia Bar No. 202910
Jennifer B. Dempsey, Esq.
Georgia Bar No. 217536
Leah A. Schultz, Esq.
Georgia Bar No. 276394
BRIAN CAVE LEIGHTON PAISNER LLP
One Atlantic Center, Fourteenth Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
bill.custer@bclplaw.com
jennifer.dempsey@bclplaw.com
leah.schultz@bclplaw.com


*Co-Counsel for Defendant Monsanto Company*

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.  The Court will adopt and enter separately the four proposed procedural orders (Exhibits A-D).

**SO ORDERED,** this 12th day of August, 2019.

*s/Hugh Lawson*
HUGH LAWSON
SENIOR JUDGE FOR THE
UNITED STATES DISTRICT COURT