**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**DAVID TERRY and TAMMIE TERRY,**

     Plaintiffs,

v.                                                            Case No. 7:19-CV-98 (HL)

**MONSANTO COMPANY,**

     Defendant.

## ORDER

Plaintiffs David Terry and Tammie Terry move the Court for leave to file an amended complaint adding an additional claim against Defendant Monsanto Company. (Doc. 30). For the following reasons, Plaintiffs' motion is **DENIED**.

## I.     PROCEDURAL BACKGROUND

Plaintiffs initiated this products liability case in the Northern District of Georgia on April 17, 2019. (Doc. 1). In their Complaint, Plaintiffs allege that as a result of Plaintiff David Terry's exposure to Defendant's product Roundup®,[1] an herbicide containing the active ingredient and alleged carcinogen glyphosate, Plaintiff developed and continues to suffer from renal cancer. (Doc. 1, ¶ 3). Plaintiffs assert claims against Defendant for strict liability, negligence, breach of implied warranty of merchantability, loss of consortium, and punitive damages.

---

[1] Roundup® refers to all Roundup® products manufactured by Defendant. (Doc. 1, ¶ 10).

The case was transferred to the Middle District of Georgia by consent of the parties on July 2, 2019. (Doc. 10). The Court issued a Scheduling and Discovery Order on August 12, 2019, permitting a bi-furcated discovery schedule, with fact discovery ending on February 3, 2020 and expert discovery ending on July 31, 2020. (Doc. 19, p. 5). The Order required that any amendments to the pleadings be filed by not later than September 6, 2019. (Id. at p. 7).

The Court subsequently modified the scheduling order on three occasions. On January 16, 2020, the Court agreed to the parties' joint request to extend the time for fact discovery through March 19, 2020. (Doc. 23). The deadline to complete expert discovery remained unchanged. (Id.). Then, on March 18, 2020, in light of the challenges posed by the COVID-19 pandemic, the Court granted the parties' motion to stay discovery. (Doc. 27). On May 19, 2020, the Court lifted the stay and directed the parties to complete fact discovery by September 20, 2020 and expert discovery by January 29, 2021. (Doc. 29). At no point has the Court altered the deadline for amending the pleadings.

More than nine months after the expiration of the deadline for amending the pleadings, Plaintiffs now move the Court for leave to add an additional claim against Defendant. Plaintiffs state that during discovery they learned that in 2017 and 2018 Plaintiff David Terry utilized Warrant®, another product manufactured by Defendant, in combination with Roundup®. (Doc. 30, p. 1). According to

Plaintiffs, Warrant® is an herbicide containing the active ingredient acetochlor, which the United States Environmental Protection Agency has deemed "[l]ikely to be carcinogenic to humans." (Id.). Plaintiffs allege that Defendant promotes the mixture of Warrant® with Roundup PowerMax® "to obtain maximum herbicide results." (Id. at p. 2). Plaintiffs contend that medical and scientific experts will support their assertion that exposure to the combination of Warrant® and Roundup® significantly contributed to Plaintiff David Terry's development of renal cancer. (Id.).

## II. DISCUSSION

Plaintiffs move the Court for leave to file an amended complaint pursuant to the liberal amendment standard of Federal Rule of Civil Procedure 15(a). However, because Plaintiffs' motion was filed after the expiration of the deadline for filing amendments to the pleadings as prescribed in the scheduling order, Plaintiffs first must satisfy the more stringent "good cause" standard articulated in Rule 16(b).

Generally, leave to amend is to be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But, when a party moves to amend after the expiration of a deadline set forth in a scheduling order, the movant first must demonstrate good cause under Rule 16(b) before the court considers the propriety of the motion under Rule 15(a). See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); Millennium Partners, L.P. v. Colmar Storage,

LLC, 494 F.3d 1293, 1299 (11th Cir. 2007) (affirming district court's determination that a party must satisfy Rule 16 before considering whether a motion to amend filed after a scheduling order deadline is proper under Rule 15).

Rule 16 requires a district court to enter a scheduling order limiting "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Under Rule 16(b), the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa, 133 F.3d at 1418 (quotation marks and citation omitted). The burden to establish good cause rests with the moving party. Smith v. Sch. Bd. of Orange Cty., 487 F.3d 1361, 1366 (11th Cir. 2007).

Plaintiffs here were not diligent in seeking to amend their Complaint and thus have not provided good cause for the Court to permit their proposed amendment. The Court agrees with Defendant that whether Plaintiff David Terry was exposed to Warrant® during 2017 and 2018 was a fact within Plaintiffs' knowledge prior to the filing of this lawsuit. Even if the extent of Plaintiff David Terry's exposure to the herbicide was not evident until his deposition, the deposition took place in December 2019, and Plaintiffs did not file their motion to amend until the end of June 2020. (Doc. 31-1). Further, while Plaintiffs state in their motion that discovery revealed that Defendant promotes the mixture of

Warrant® and Roundup PowerMax®, Plaintiffs have not indicated when that information became available or why it was not previously discoverable.

Plaintiffs have not otherwise shown that they were unable, through reasonable diligence, to include this additional claim prior to the expiration of the September 9, 2019 deadline set out in the scheduling order. The Court accordingly finds that Plaintiffs' motion to amend their complaint outside the time frame established in the scheduling order is not supported by good cause. Plaintiffs' motion for leave to amend therefore is denied.

## III.   CONCLUSION

Based on the forgoing, Plaintiffs' Motion for Leave to Amend the Complaint (Doc. 30) is **DENIED**.

**SO ORDERED**, this 3rd day of August, 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks

5